# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 14, 2011

No. 10-50697
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JESUS MARIA LUGO-ROMAN, also known as Jesus Marie Lugo, also known as Jesus Lugo-Roman,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:10-CR-414-1

Before DeMOSS, STEWART, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jesus Maria Lugo-Roman appeals the 60-month sentence imposed in connection with his guilty plea conviction for attempted illegal reentry. He argues that his sentence is unreasonable because it is greater than necessary to meet the sentencing goals of 18 U.S.C. § 3553(a)(2). Specifically, Lugo-Roman contends that the illegal reentry guideline overemphasized his criminal history and that the guidelines range did not adequately reflect his motive for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

reentering the country (seeing his mother after she suffered a stroke and was believed to be dying), his cultural assimilation, or that this was his first reentry offense.

Lugo-Roman's sentence is within the properly calculated guidelines range and is presumptively reasonable. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006); *see also United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.) (rejecting the argument that a guidelines illegal reentry sentence was unreasonable because the guideline is not empirically based and emphasizes a defendant's criminal history), *cert. denied*, 130 S. Ct. 378 (2009). As Lugo-Roman concedes, his argument that the presumption should not apply is foreclosed. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 367 (5th Cir.), *cert. denied*, 130 S. Ct. 192 (2009). Lugo-Roman has not rebutted the presumption that his within-guidelines sentence is reasonable. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008); *United States v. Rodriguez*, 523 F.3d 519, 526 (5th Cir. 2008). The district court did not abuse its discretion in sentencing Lugo-Roman to 60 months of imprisonment. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

AFFIRMED.